## ODIORNE *v*. RAND & a.

The regularity of the election or appointment of the collector of taxes cannot be called in question in a suit against the selectmen for an illegal assessment.

Assessors of taxes, acting in good faith, are not liable for an illegal assessment.

The duty of collecting the taxes devolves on the collector, and cannot by vote of the town be imposed upon any other officer.

The provision of Gen. Laws, c. 56, s. 6, requiring the invoice and assessment to be signed and sworn to by the selectmen and assessors, is directory merely, and neglect to comply with the statute in this respect does not invalidate the assessment.

Selectmen, having taken their oath of office, are not required, before assessing taxes, to be sworn as tax assessors.

TRESPASS, for a wagon. The defendants filed a brief statement, alleging that they were elected selectmen of Rye for the year 1877, and that the wagon was taken by one Foss, collector, as a distress

for unpaid taxes.   The court ordered a verdict for the defendants, and the plaintiff filed the following exceptions:

1. Foss's election was illegal, because it appeared from the records that the town "voted to let out the collecting of the taxes to the lowest bidder."   The following also appeared upon the record: "Bid off John O. Foss for the sum of fifty dollars.   Voted by ballot John O. Foss collector for the ensuing year at his bid."

2. Foss had no authority to collect the tax, because the town "Voted to appropriate $2,000 in labor for highway tax: Voted to raise it, as last year, in money, and the surveyor collect the same and pay them that work."

3. The invoice and assessment of taxes for 1877 were not sworn to by the selectmen, nor did it appear that the copy of the same, furnished the town-clerk, was sworn to as required by Laws of 1874, c. 99, s. 1.

4. It was voted that the selectmen act as assessors; and it did not appear from the records that the selectmen took the oath of office as assessors.

*Harriman*, for the plaintiff, to the point that the electon of Foss was illegal, cited *Tucker* v. *Aiken*, 7 N. H. 113, *Cardigan* v. *Page*, 6 N. H. 182, and *Meredith* v. *Ladd*, 2 N. H. 517, and contended that, as he was not legally elected, the defendants had no authority to commit the warrant to him, and are therefore liable for all his acts,—citing *Tucker* v. *Aiken*, *supra*, and *Reynolds* v. *Orvis*, 7 Cow. 269.

On the point that the vote to raise the money for highways was illegal, he contended that there was no valid vote authorizing the collection of the highway tax in money, and consequently its collection in money was illegal.

On the point that the invoice and assessment were not sworn to, he argued that the statute was mandatory, citing *Cardigan* v. *Page*, *supra*.

On the point that the selectmen should have taken the oath as assessors, he cited Gen. St., c. 38, s. 1, and contended that, having been elected assessors, they should have been sworn as such.

*John Hatch*, for the defendants.

STANLEY, J.   Foss was *de facto* collector, and his authority cannot be inquired into collaterally.   *Morse* v. *Calley*, 5 N. H. 222; *Tucker* v. *Aiken*, 7 N. H. 115; *Lisbon* v. *Bow*, 10 N. H. 167; *Merrill* v. *Palmer*, 13 N. H. 184; *Baker* v. *Shephard*, 24 N. H. 208; *Tyler* v. *Flanders*, 58 N. H. 371.

The vote of the town, fairly considered, was to raise $2,000 to be expended on highways, the tax to be paid in money.   The vote that it be collected by the surveyors, unless it can be construed as a vote authorizing the surveyors to receive the money from the

treasurer, on which we express no opinion, was void. The town could not direct who should collect the money of the tax-payer, for that duty, by statute, belonged to the collector. G. L., *c.* 72, *s.* 22. But if the assessment of the highway tax was illegal, the remedy for the illegality is not by an action against the assessors for damages. *Edes* v. *Boardman,* 58 N. H. 580.

The fact that the selectmen were not sworn as assessors was immaterial. As selectmen, they were sworn to the faithful discharge of all the duties of their office. A part of these duties was, in case the town neglected for any cause to choose assessors, to assess the taxes. These duties were as fully covered by their oath as any other duty of their office. The fact that the town voted that the selectmen act as assessors was, in legal effect, a vote not to choose assessors.

The provision of law requiring the invoice and assessment to be sworn to is directory merely, and a failure to comply with it did not vitiate the assessment previously made. *Smith* v. *Bradley,* 20 N. H. 117; *Scammon* v. *Scammon,* 28 N. H. 419, 430; *Converse* v. *Porter,* 45 N. H. 385, 399. The plaintiff rests this exception on the decision in *Cardigan* v. *Page,* 6 N. H. 182; but if that case, in relation to non-resident taxes, is in point, it is overruled by *Smith* v. *Bradley* and *Scammon* v. *Scammon, supra.*

The tax was due as soon as the warrant was placed in the collector's hands, and this might be done immediately after the taxes were assessed, while the statute does not require the oath to be taken until the copy of the invoice and assessment is filed with the town-clerk, and this may be at any time prior to the first day of July following the assessment. G. L., *c.* 56, *s.* 6; *c.* 57, *s.* 6. It is obvious from these provisions of the statutes that the legislature did not regard the taking of the oath as mandatory.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.