19  .431
32    20'
32    67
32  597

[No. 1999.]

## JOE LIPARI v. THE STATE.

1. LOCAL OPTION LAW — "TERM" AND "SESSION" OF COURT DISTINGUISHED — CASE STATED. — Article 3229 of the Revised Statutes provides: "It shall be the duty of the court, at its first regular session after the filing of such petition (for an election under the local option law) with the clerk thereof, to order an election," etc. The petition in this case was not filed until the first day of the term of the commissioners' court at which the election was ordered, but it was filed before the court actually met and convened. The objection urged was that the petition was not filed in time to authorize action by the court at that time. *Held*, that the objection is not well taken. "Term," when used with reference to a court, signifies the space of time during which the court may hold a session. A "session" signifies the time during the term in which the court sits for the transaction of business, and it, the session, commences when the court convenes for the term and continues until final adjournment either before or at the expiration of the term. As illustrating the distinction between a term and a session of court, see the Revised Statutes, articles 1129, 1173, 1175, 1525. See, also, the opinion *in extenso* on the question.

2. Same — Statutes Construed — Powers of the County Judge and of the County Commissioners. — Articles 1680 and 1681 of the Revised Statutes, construed together, authorize the county judge, upon a petition under the "local option" law, to issue the writs of election; and it is only in case of vacancy in the office of county judge, or the inability or failure of that officer to act, that the county commissioners are authorized to issue the writs of election.

3. Same. — See the statement of the case for an order of the commissioners' court providing for the holding of an election under the "local option" law *held* sufficient to show that the purpose of the election was to determine the prohibition of the sale of intoxicating liquors.

4. Same. — If an election under the "local option" law results in favor of prohibition, it is sufficient for the order declaring the result to state that fact and to prohibit the sale of intoxicating liquors (except for certain purposes specified in the statute) within the limits of the locality. It was not essential to the sufficiency of the order that it should declare that the prohibition should continue until such time as the qualified voters of the locality, by a majority vote, at an election held therefor, should decide otherwise. Such limitation is fixed by law, and cannot be affected by the order of the court.

5. Same — Election. — The fact that an election under the "local option" law was held in a justice's precinct, by virtue of an order of the commissioners' court, on the same day that the county election on the question of prohibition was held, did not invalidate the county election.

Appeal from the County Court of Limestone. Tried below before the Hon. L. B. Cobb, County Judge.

The conviction in this case was for selling intoxicating liquors in violation of the "local option" law, and the penalty assessed against the appellant was a fine of $25.

The sale of the intoxicating liquor was conceded by the appellant, and he rested his defense upon the questions discussed in the opinion.

The order of election, referred to in the third head-note of this report, reads as follows:

"Upon the petition of more than fifty qualified voters of Limestone county, praying for an election throughout the county of Limestone to determine whether or not the sale of intoxicating liquors and medicated bitters producing intoxication shall be prohibited in the county: *It is ordered* that an election be held at each of the regular voting places within the county of Limestone, on Saturday, June 13, 1885, to enable the qualified voters of Limestone county to determine whether or not intoxicating liquors and medicated bitters producing intoxication shall be prohibited in said Limestone county, pursuant to the provisions of Title LXIII of the Revised Statutes. Said election will be held under the general election law, and the

various presiding officers of election throughout the county appointed at the February term, A. D. 1884, and at the present term of this court, will hold said election."

The motion for new trial raised the questions discussed in the opinion.

*Burrow & Kincaid,* for the appellant.

*J. H. Burts,* Assistant Attorney-General, and *Simkins & Neblett,* for the State.

WILLSON, JUDGE. I. The petition asking for an order for an election to determine whether or not the sale of intoxicating liquors and medicated bitters producing intoxication should be prohibited in Limestone county was not filed until the first day of the term of the commissioners' court at which said election was ordered, but it was filed before said court actually met and convened. It is objected by appellant that said petition was not filed in time to authorize action thereupon at that term of the court.

It is provided by the statute that "It shall be the duty of the court, at its first regular session after the filing of such petition with the clerk thereof, to order an election," etc. (Rev. Stats., art. 3229.) Counsel for appellant insists that the word *session* as used in this provision is synonymous with the word *term,* and that said petition was filed *after* the *term or session* of the court had commenced. We think differently. The word *term,* when used with reference to a court, signifies "the space of time during which the court holds a session." (Bouvier's Law Dic.) A session signifies the time during the term which the court sits for the transaction of business, and the session commences when the court convenes for the term, and continues until final adjournment, either before or at the expiration of the term. The *term* of the court is the time prescribed by law during which it may be in *session.* The *session* of the court is the time of its actual sitting. (Webster's Dic., "Session.")

It is true that lexicographers give very nearly the same meaning to the two words, and make them almost synonymous; yet it will be found upon close examination that the distinction in their signification, which we have stated, is a correct one. It is, in our opinion, unquestionably correct when applied to the word session as used in the statute under consideration. There might have been a regular *term* of the court after the filing of the petition, at which term there might not have been any *session.* It was, no doubt, for the purpose

of providing for such contingency that the word *session* was used instead of the word *term*. If the word *term* had been used, and a regular term of the court, without a session, had expired *after* the filing of the petition, then the petition could not have been acted on, according to the strict letter of the law, at a subsequent term,— hence the word *session* was properly used instead of the word *term*. That a term of court may begin and end without a session, see Rev. Stats., arts. 1127, 1128. (See, also, as illustrating the difference between a term and a session, Rev. Stats., arts. 1129, 1173, 1175, 1525.) We are of the opinion that the petition was filed in time to authorize action thereon at any time during the session of the court at that term.

II. Articles 1680 and 1681 of the Revised Statutes, construed together, authorized the county judge to issue the writs of election. It is only in the case of a vacancy in the office of county judge, or his inability or failure to act, that the commissioners are authorized to issue the writs of election.

III. Considering the order of the commissioners' court ordering the election as a whole, it unmistakably declares that the purpose of the election was to determine whether or not the sale of intoxicating liquors or medicated bitters producing intoxication should be prohibited in Limestone county. The objection urged against the order by appellant's counsel is, we think, without substantial merit. The omission of the words " the sale of," in one portion of the order where they should have occurred, was supplied by other recitals in the order showing clearly the purpose of the election was to determine as to the prohibition of the *sale* of intoxicating liquors, etc.

IV. It is objected to the order declaring the result of the election that it does not literally follow the statute and declare that the prohibition of the sale of intoxicating liquors, etc., in the county shall continue until such time as the qualified voters of the county, at an election held for that purpose, by a majority vote should decide otherwise. We do not think that it was essential that the order should so declare. The election having resulted in favor of prohibition, it was only necessary that the order should declare that fact and prohibit the sale of intoxicating liquors, except for certain purposes specified in the statute, within the limits of the county. The duration of such prohibition was fixed by the law, and could not be affected by the order of the court. It would have added nothing to the legal effect of the order to have included in it the declaration in question, nor does the failure to include the same therein invali-

date the order. We think the order as it reads is in substantial compliance with the statute.

V. That the commissioners' court ordered an election to determine whether or not the sale of intoxicating liquors, etc., should be prohibited in a justice's precinct in said county, to be held on the same day that the prohibition election for the county was held, and that said precinct election was held on said day, does not, so far as we can perceive, invalidate the county election. We can see no reason why it should be held to have such an effect. It did not prevent a full, fair, free expression at the ballot-box of the wishes of the voters upon the question of prohibition in the county. It interfered in no way with the county election, and, even had the entire vote of this precinct been omitted from the count, the result of the election in the county would have been unchanged.

We find no error in the judgment and it is affirmed.

*Affirmed.*

[Opinion delivered November 25, 1885.]