FAWCETT *v.* DOLE *& a.*

Selectmen acting under Laws 1879, *c.* 46, *s.* 2, imposing doomage upon one omitting to file the inventory required by Gen. Laws, *c.* 55, act in a judicial capacity, and are not liable for errors of judgment, unintentional mistakes, or irregularities in the assessment.

TRESPASS, for assault and false imprisonment, with a count in case alleging that the defendants, being assessors and selectmen of Washington, wilfully and maliciously doomed the plaintiff in the sum of $2,000, and issued their warrant for the collection of the tax by them assessed thereon to the collector, who arrested the plaintiff and committed her to jail. The plaintiff introduced the record showing that the defendants, as selectmen of Washington for 1890, doomed her in the sum of $2,000, and assessed a tax thereon against her, and evidence tending to show that she never possessed any property liable to taxation in that town. Her arrest and commitment to jail by the collector on the defendants' warrant for the collection of the tax were admitted. The plaintiff offered no other evidence, either in chief or in rebuttal. The defendants proved that *c.* 92, Laws 1883, was in force in Washington, admitted that they did not deliver to the plaintiff or leave at her usual place of abode a blank inventory as required by Gen. Laws, *c.* 55, *s.* 3, and introduced evidence tending to show that they called upon her at her residence April 21, 1890, and then presented to her a blank inventory; that she wilfully refused to fill it out, or to answer any of the interrogatories therein contained; that they did not find any taxable property belonging to her or in her possession; that they made inquiry on the subject in Sanbornton (where the plaintiff had lately resided) and elsewhere, and on the best information they could obtain, and on the evidence afforded by her conduct, believed that she had at least $500 worth of property taxable in Washington. The court directed a verdict for the defendants, and the plaintiff excepted.

*Albert S. Wait*, for the plaintiff.

*Ira Colby* and *Hosea W. Parker*, for the defendants.

BLODGETT, J. Chapter 92, Laws of 1883, which provides that, in such towns as may adopt its provisions, the blank inventories required by Gen. Laws, *c.* 55, to be delivered to persons and corporations liable to taxation, may be presented to the taxpayer by the selectmen or assessors when they go to examine and appraise the property, having been adopted by the town of Washington, the blank inventory presented to the plaintiff on April 21 by the defendants was within the time limited by law; and she might have filled out and returned it on that or any other day prior to

May 1. Laws 1878, *c.* 69, *s.* 7. The construction of *c.* 55 as thus amended is, that if the blank inventory required by it to be filled out and returned to the selectmen or assessors on or before April 15 is not delivered to any person or corporation on or before that day, or if any person or corporation is prevented by accident, mistake, or misfortune from making and returning such inventory, it shall be done before May 1; and for wilful neglect to do so the penalty of doomage attaches. The wilful omission of the plaintiff to make and return the inventory required of her consequently constituted a proper case for doomage; and the defendants could not do otherwise than impose it, without the violation of their official duty. "If any person . . . shall wilfully omit to make, deliver, and return such inventory . . . as by said chapter fifty-five required, . . . the selectmen or assessors shall ascertain as nearly as may be, and in such manner as they may be able, the amount and value of the property and estate for which, in their opinion, he is liable to be taxed, and shall then set down to such person . . . four times as much as such estate and property, if so inventoried and returned, would be legally taxable." Laws 1879, *c.* 46, *s.* 2.

But if the defendants acted erroneously and unlawfully in imposing the doomage, this action could not be maintained. They were acting in a judicial capacity, and presumably in good faith, and therefore are not liable for errors of judgment, unintentional mistakes, irregularities, or illegalities in the assessment. *Edes* v. *Boardman*, 58 N. H. 580; *Odiorne* v. *Rand*, 59 N. H. 504, 506; *McDaniel* v. *Tebbetts*, 60 N. H. 497.

*Exception overruled.*

CARPENTER, J., did not sit: the others concurred.