## W. H. GAINES v. W. E. NEWBROUGH, ET AL.

### No. 2112.

1. **False Imprisonment—Fine for Contempt—County Commissioners' Court—Judicial Act.**

Under the constitution and laws of Texas the County Commissioners' Court, acting within the sphere of its powers and duties, is a court of general jurisdiction, and its action in entering a judgment of fine for contempt against a road overseer for filing an overseer's report with the clerk containing language insulting to the court, and in erroneously ordering process to issue for the arrest of the overseer, without notice or an opportunity given him of purging himself of the contempt, is judicial action for which the members of the court cannot be held liable in damages for false imprisonment for an arrest made under such process.

2. **Same—Sheriff Protected by Writ.**

The sheriff, acting under the orders of the County Commissioners' Court in the execution of a writ regular upon its face, is protected by the writ, and is not required, even if so authorized, to question the judgment upon which the writ issued.

3. **Contempt—Judgment Final Without Notice.**

As to whether the court had not authority to render a summary and final judg-

ment for contempt against the road overseer for insulting language in his official
report to the court, in his absence and without notice to him, quere?

APPEAL for Palo Pinto.   Tried below before Hon. J. S. STRAUGHAN.

*C. W. Massie, W. M. Wallace* and *G. A. McCall,* for appellant.—The court had no right to peremptorily order the issuance of a capias pro fine against the defendant, nor had the sheriff any power or right to arrest the defendant under such capias, it not being alleged that the contempt was committed in the presence and view of the court, unless the defendant was first given notice to appear and answer, or given an opportunity to purge the contempt if any had been committed.   Rapalje on Contempts, 3, 4, 5, 160; Busteed v. Parsons, 25 Am. Rep., 768, and note; 7 Am. & Eng. Enc. Law, 668, and note; Rutherford v. Holmes, 66 N. Y., 365; Tracy v. Williams, 4 Conn., 113 (10 Am. Dec. 102).

*W. P. Gibbs, M. L. Garrett, B. P. Ayres* and *W. P. McConnell,* for appellees.—1.   The members of a County Commissioners Court are not liable, personally, in a civil action for any act done or order made as a court—for any judicial act.   Rains v. Simpson, 50 Texas, 445; Wilson v. Mayor, 1 Denio, 595.

5.   Judicial officers are not liable to personal actions for official acts, where they have jurisdiction of the subject matter, and this exemption extends not only to negligent, but to wilful and malicious acts.   Rains v. Simpson, 50 Texas, 445; Wilson v. Mayor, 1 Denio, 595; Harman v. Brotherson, 1 Denio, 537; Cunningham v. Bucklin, 8 Cowen, 178.

TARLTON, CHIEF JUSTICE.—Suit by the appellant against the appellees, W. E. Newbrough, J. K. Stubbs, J. W. Jones, J. E. Hutchins, J. W. Tipps, and B. M. Maddox, to recover $5000 as damages for alleged false imprisonment.   Verdict and judgment for the defendants, and appeal by the plaintiff.

We find the following conclusions of fact, resting upon uncontroverted evidence:

The plaintiff was the duly appointed road overseer for commissioner's precinct one, in Palo Pinto County.   Of the defendants the five first named were the members of the Commissioners Court, Newbrough being the County Judge.   The last named was the sheriff of Palo Pinto County.

On November 11, 1893, the plaintiff filed with the Clerk of the County Commissioners Court of that county his report, subscribed and sworn to by him, causing it to be submitted for the consideration of that court at its regular November term, 1893.   This document purported to be made in compliance with article 4427 of the Revised Statutes.   It was addressed and directed to the court, in language offensive and insulting; so much so, in fact, that we deem it improper to here insert it. The deliberate purpose of the plaintiff in submitting this document was to bring the court into the contempt and ridicule of the public.

At the regular term of the court in November, the reports of road overseers being under consideration, the foregoing report of Gaines was presented for action. The court thereupon, on November 17, 1893, by unanimous vote, adjudged the overseer guilty of contempt for making the report, and caused to be entered upon the minutes an order that he be fined "$25 for contempt of this court in making and filing a contemptuous report as overseer." It further ordered the issuance of a capias pro fine. This writ, dated November 17, 1893, was signed by the Clerk of the County Court of Palo Pinto County, under his hand and seal. It was addressed to any sheriff of the State of Texas. It recited the judgment of the Commissioners Court of Palo Pinto County in favor of the State of Texas against W. H. Gaines for $25, and it commanded the officer to take the body of Gaines and place him in the county jail until the amount due on the judgment should be paid, or until the defendant should be otherwise discharged. Gaines was not personally in the presence of the court when this action was taken. The writ was delivered by the clerk to the sheriff, the appellee Maddox, who shortly thereafter (about noon) met Gaines, showed him the writ, and offered to read it, but was forbidden by Gaines to do so.

During the afternoon session of the court the plaintiff, accompanied by his son 14 years old, each with a stick in his hand, went to the door of the court room, looked into the room, the court being in session, and turning away said, with an oath: "It is your day now, but my turn next." He thus provoked the statement by the sheriff: "You can't come here and cuss out the officers." Immediately thereafter, while Gaines was yet in the courthouse, the clerk, John Eaton, placed his hand upon Gaines' arm. Thereupon the plaintiff raised the stick in a threatening position, when the sheriff seized him, stating to him that he would be taken to jail unless he paid the fine. The plaintiff demanded that the writ be read, and when his demand was being complied with, he sought to kick it out of the reader's hands. Before he was imprisoned, and while under arrest, the fine was paid for him by one Hindman, and he was immediately released.

*Opinion.*—The contention under numerous assignments of error is, that as the contempt was not committed in the view of the court, the judgment imposing the fine and the writ issued by virtue thereof were alike void, in the absence of notice giving to Gaines an opportunity to appear and purge himself of the contempt. We think there is much force in the proposition submitted by the appellees in reply to this contention, that as Gaines was a road overseer appointed by the court under article 4392 of the Revised Statutes, and as he was thus an officer of the court, charged by law (article 4427) with the duty of making a report to the court, and as he had filed this report, subscribed and sworn to by him, to be presented and considered in the regular order of its proceedings, and as it was thus presented and considered, he should for all purposes concerning the report be regarded as in court; and as the report

was highly contemptuous, that he was properly dealt with summarily, and that no scire facias was necessary. O'Callaghan v. O'Callaghan, 69 Ill., 552.

If it be conceded, however, that the action of the court was unauthorized, irregular, or erroneous, it does not, as we think, thence follow that the members of the Commissioners Court, acting as judges in the discharge of their duty, should be held liable in an action of trespass or of false imprisonment. Our opinion is that no such action should lie.

The solution of this question will depend largely upon the extent and character of the jurisdiction of the County Commissioners Court. This court is of organic institution. (Art. V, sec. 18, of the Constitution of 1876.) By the terms of that instrument, it "shall exercise such powers and jurisdiction over all county business as is conferred by this constitution and the laws of this State, or as may be hereafter prescribed." By laws accordingly enacted, it is invested with the power, and charged with the duty, among other things, to lay out and establish public roads. The law provides that its proceedings shall be recorded and perpetuated, attested by a seal to be affixed in proper cases by the clerk charged with the duty of preserving all records and issuing all process incident to the discharge of the powers with which the court is invested. The court is also charged with the duty of appointing road overseers, and these officers are in turn charged with the duty of making reports as such for the consideration and approval of the court. It follows, we think, that the County Commissioners Court, created as it is by the Constitution, must be regarded as a court of general jurisdiction, when acting, as in this instance, within the sphere of the powers and duties conferred upon it by law. Williams v. Ball, 52 Texas, 505.

It had jurisdiction of the subject matter at the time it entered the order complained of, and which, under the facts and upon the intrinsic merits of the question presented, was well merited and most salutary. It is empowered by law (article 1514) "to punish contempts by fine not to exceed $25, or by imprisonment not to exceed twenty-four hours; and in case of fine, the party may be held in custody until the fine is paid."

Why, then, should the principle not apply which shields the judge from personal liability for his official acts? We think that the act under consideration was clearly judicial, and not ministerial, in character. It involved the exercise of judgment and discretion as to when, how, and to what extent punishment should be inflicted or a fine assessed for flagrantly contemptuous conduct.

In Rains v. Simpson, 50 Texas, 500, the following language by Beardsley, J., in Weaver v. Devendorf, 3 Denio, 117, is quoted: "But I prefer to place the decision on the broad ground that no public officer is responsible in a civil suit for a judicial determination, however erroneous it may be, and however malicious the motive which prompted it. Such acts, when corrupt, may be punished criminally, but the law will not allow malice and corruption to be charged in a civil suit against such an officer for what he does in the performance of a judicial duty. The rule

extends to judges from the highest to the lowest; to jurors, and to all public officers, whatever name they may bear, in the exercise of judicial power." See also, Bishop on Non-Contract Law, secs. 779-783; Grove v. Vanduyn, 15 Vroom. (N. J.), 658.

We are free to state that we see little reason to apply to the courts created by organic law any difference in the application of this principle, as it may refer to a superior or to an inferior court. The proposition is unquestioned, it seems, that had the fine in this instance and under similar circumstances been imposed by a district judge, that officer would not be liable in an action of trespass or of false imprisonment. What good reason can be advanced why the same immunity should not be extended to the members of the Commissioners Court? If any difference exist in the necessity of upholding the dignity of these tribunals and of enforcing their decrees, this difference is one of degree, not of kind. Each, after all, is but the representative of the people, charged with general exclusive jurisdiction within the scope of the matters intrusted to it.

The reason for this distinction seemingly originated in a condition which happily does not exist under our polity. Its existence is thus accounted for in Taaffe v. Downes, 3 Moore's P. C., 41, quoted in 25 Am. Rep., 697: "The king's judges stand next to, or with the king, or for him, appointed by him, and responsible to him; and he will have his justice done by them and by them alone. The inferior judges stand under, and represent the authority of subjects; they have only the responsible power of subjects intrusted to them; or they are placed at a distance in responsibility from the king, and are subject to the direction and control of the superior courts." In this country the reason for such a distinction as thus indicated does not exist. Here all courts, superior and inferior, instituted by the constitution, are in touch with the people, their sovereign. See Wells on Jurisdiction of Courts, p. 178.

The appellee Maddox, it is manifest, is not liable in this action, for the two-fold reason that he was acting under the orders of the Commissioners Court, and that he was protected by a writ regular upon its face. He was not required, if he was authorized, to question the judgment upon which this writ issued. Murfree on Sheriffs, sec. 929.

We conclude, upon the undisputed evidence in this case, that there was little cause for instituting this suit or for prosecuting this appeal, and that the verdict and judgment could not properly have been otherwise than for the defendants.

The judgment is in all things affirmed.

*Affirmed.*

Delivered February 29, 1896.

Writ of error refused.