## YASELLI v. GOFF et al.

(District Court, S. D. New York.
September 2, 1925.)

1. **Dismissal and nonsuit ⬤═⇒73—Allegations of complaint deemed admitted on motion to dismiss.**

Allegations of complaint must be deemed admitted on motion to dismiss.

2. **Malicious prosecution ⬤═⇒42—Assistant to Attorney General immune from suit for malicious prosecution.**

Duly appointed special assistant to Attorney General of United States who, in procuring grand jury to find an indictment for alleged conspiracy against plaintiff, was acting within his official duties, and not only authorized but directed to take such action, *held* immune from civil suit by plaintiff for malicious prosecution.

At Law. Action by E. Paul Yaselli against Guy D. Goff and others. On motion of the defendant named to dismiss as to him. Motion granted.

E. Lawrence Miller and Ewing, Alley & Voorhees, of New York City, for plaintiff.

Lee, Smyth, Aron & Wise, of New York City (J. Harlin O'Connell and Harold G. Aron, both of New York City, of counsel), for defendants.

GODDARD, District Judge. This is a motion made by the defendant Guy D. Goff to strike out the reply of the plaintiff herein, and for judgment dismissing the complaint.

The gist of the action is malicious prosecution. The complaint sets forth allegations incidental to such an action.

The answer of the defendant Goff denies all the material allegations of the complaint, and sets up as a separate and complete defense that, at all the times mentioned in the complaint, he was a special assistant to the Attorney General of the United States, and that any and all proceedings conducted by him against the plaintiff, of which the plaintiff complains, were conducted in the due performance of his duties as such special assistant to the Attorney General. The material facts are as follows:

On December 2, 1920, the defendant Goff who was then acting as counsel for the United States Shipping Board, was appointed by the Honorable A. Mitchell Palmer, the then Attorney General of the United States, as a special assistant to the Attorney General. His duties are defined in his letter of appointment as follows: "To assist in the investigation and prosecution of an alleged violation of the laws of the United States by E. Paul Yaselli, Max Uhlen, James B.

8 F.(2d)—11

Butler, et al., and * * * to conduct grand jury and petit jury proceedings in the Southern district of New York, in the District of Columbia, and any other district in which the venue may properly be laid." On December 6th, the defendant Goff accepted the appointment and executed the oath of office.

[1] The allegations of the complaint which, for the purposes of this action, must be deemed to be admitted, are "that, on February 20, 1920, the defendant Goff complained of the plaintiff before the grand jury of the United States, Southern District of New York, and falsely, maliciously, and without any reasonable or probable cause charged the plaintiff with having unlawfully conspired with one James D. Butler and divers other persons, to defraud the United States of America in connection with the purchase of the steamship Liberty Land by the Italian Steam Line, Inc., from the United ed States Shipping Board, and that the defendant caused to be introduced and used before the said grand jury false, misleading, incompetent, irrelevant testimony respecting the aforesaid charge; that the defendant Goff falsely and maliciously, without any reasonable or probable cause, procured the said grand jury to find and present an indictment against this plaintiff for the said alleged conspiracy, caused the plaintiff to be taken into custody and brought before a judge of that court, and to be compelled to give bond, and to plead to said indictment; that the plaintiff was tried upon said indictment, and a verdict of not guilty rendered by the jury.

It is admitted that the defendant Goff appeared before the grand jury as alleged in the complaint as special assistant to the Attorney General, and that, as such special assistant, he procured the grand jury to find and present the indictment as aforesaid, and that, acting in the same capacity, he conducted the other proceedings against the plaintiff, complained of in the complaint herein.

The question to be determined on this motion is whether the defendant Guy D. Goff is immune from a civil suit for malicious prosecution while acting as such United States attorney. It is admitted that the defendant was duly appointed such special assistant to the Attorney General of the United States. He was acting within his official duties; his letter of appointment not only authorized but directed him to bring the proceeding which the plaintiff claims was brought maliciously.

In Alzua v. Johnson, 231 U. S. 106, 34

S. Ct. 27, 58 L. Ed. 142, the Supreme Court announced that the principle of immunity of judges of United States courts from civil action for their judicial acts is deep seated in the system of American jurisprudence, and cites Bradley v. Fisher, 13 Wall. 335, 20 L. Ed. 646; Randall v. Brigham, 7 Wall. 523, 19 L. Ed. 285.

Counsel have not, nor have I, found any authoritative case on the question of immunity of a United States attorney. Courts in this country have decided both ways; the English courts favor immunity.

Former Judge Van Vechten Veeder, in a scholarly and able article in the Columbia Law Review, vol. 9, Nos. 6 and 7, vol. 10, No. 2, states: "The absolute immunity in defamation accorded on certain occasions by Anglo-American jurisprudence presents a conflict or antinomy between two principles equally regarded by the law—the right of the individual, on one hand to enjoy his reputation unimpaired by defamatory attacks; and, on the other hand, the necessity in the public interest, of a free and full disclosure of facts in the conduct of the legislative, executive, and judicial departments of the government. * * * The rule of absolute immunity is founded, then, upon the principle that on certain occasions it is indispensable, or at least advantageous, to the public interest that persons should speak freely and fearlessly, uninfluenced by the possibility of being brought to account in an action for defamation. This class of cases is naturally a comparatively narrow one. It is strictly limited to judicial proceedings, legislative proceedings, and certain official proceedings of officers of State." Pages 463 and 465.

137 Am. St. Rep. 50, contains the following: "But the question is pretty well settled that a quasi judicial officer acting in a judicial capacity, with jurisdiction, is protected in the discharge of his duties to the same extent as judges, and that, while acting within the bounds of his authority, the fact that he acts maliciously or corruptly will not affect his right of immunity from civil liability. Van Deusen v. Newcomer, 40 Mich. 90; Fawcett v. Dole, 67 N. H. 168, 29 A. 693; East River Gas Co. v. Donnelly, 93 N. Y. 557; Gaines v. Newbrough, 12 Tex. Civ. App. 466, 34 S. W. 1048; First Universal Church v. Leach, 35 Vt. 108."

[2] After examining the cases involving the principles of immunity, my view is that the public interest requires that such quasi judicial officers as United States attorneys are should be immune from civil action while exercising the functions of their office within the limits of their authority, to the end that they may act freely and uninfluenced by fear or consequences to themselves. Unless so protected, it would be but human that they might refrain from presenting to a grand jury or prosecuting a matter which in their judgment called for action, but which a jury might possibly determine otherwise; and there are other obvious good reasons for this rule. This view is consistent with In re Eaves (C. C.) 30 F. 24; Griffith v. Slinkard, 146 Ind. 117, 44 N. E. 1001; People v. Bemis, 51 Mich. 422, 424, 16 N. W. 794; Ostman v. Bruere, 141 Mo. App. 240, 124 S. W. 1059; Smith v. Parman, 101 Kan. 115, 165 P. 663, L. R. A. 1917F, 698; Lange v. Benedict, 73 N. Y. 34, 29 Am. Rep. 80; Spalding v. Vilas, 161 U. S. 483, 16 S. Ct. 631, 40 L. Ed. 780; Watts v. Gerking, 111 Or. 641, 228 P. 135, 34 A. L. R. 1489; Johnston v. Moorman, 80 Va. 140; Stewart v. Cooley, 23 Minn. 347, 23 Am. Rep. 692; 32 Cyc. 717.

Accordingly, the motion to dismiss the complaint as against Guy D. Goff is granted.