

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Fred Norris
County Auditor
Polk County
Livingston, Texas

Dear Sir:

Opinion No. O-3169
Re: Authority of County Judge
to (1) fine members of Com-
missioners' Court; (2) re-
cess court; (3) compel at-
tendance at meetings of
Commissioners' Court.

This will acknowledge receipt of your letter of
February 13, 1941, requesting the opinion of this department
upon the matters set forth above. Your questions are as fol-
lows:

"Does the County Judge when acting as the
judge of the Commissioners Court have the authori-
ty as such judge, in order to keep order and quiet
in the court so that business of the court can be
transacted, does said judge have the authority to
fine any member for disrupting the quiet of the
Court?

"Does said county judge have authority to re-
cess from day to day because members of the said
county court are not present at the time court was
ordered to meet by said County Judge assuming that
the time the court was ordered to convene was a
reasonable hour of the day?

"Does the County Judge have authority to com-
pel the attendance of the county commissioners at
Commissioners Court meetings? If so, by what pro-
cess?"

Articles 2342, 2343, 2354 and 2351, Vernon's Annotated
Civil Statutes, read as follows:

Honorable Fred Norris, page 2

"Art. 2342. The several commissioners, together with the county judge, shall compose the "Commissioners Court," and the county judge, when present, shall be the presiding officer of said court."

"Art. 2343. Any three members of the said court, including the county judge, shall constitute a quorum for the transaction of any business, except that of levying a county tax."

"Art. 2354. No county tax shall be levied except at a regular term of the court, and when all members of said court are present."

"Art. 2351. Each commissioners court shall:

"* * *

"13. Punish contempts by fine not to exceed twenty-five dollars or by imprisonment not to exceed twenty-four hours, and in case of fine, the party may be held in custody until the fine is paid.

"* * *."

While the commissioners' court is a constitutional court of general jurisdiction when acting within the sphere of the powers and duties conferred upon it by law, and is empowered to punish for contempt (Art. 2351, R.C.S., 1925; Gaines v. Newbrough, 12 T.C.A. 466, 34 S.W. 1048; 9 Tex. Jur. 608) the power resides in the court and not in the county judge.

This department has repeatedly held that under Section 18 of Article 5 of the Texas Constitution and Articles 2342 and 2343 of the Revised Civil Statutes, 1925, the county judge is merely a component part of the commissioners' court, enjoys equal voting privileges and together with any two commissioners constitutes a quorum. He is distinguished from other members of the court while in session only in that he is its presiding officer. Opinion Nos. O-1716; O-2145; O-2415A; O-2726.

Honorable Fred Norris, page 3

You are accordingly advised in answer to your first question that the county commissioners and the county judge constitute the county commissioners' court and the power to punish for contempt resides in such court and not in its presiding officer. The county judge, acting alone has no authority to fine a member for disturbing the quiet of the court.

We pass to your second question concerning the authority of the county judge to recess from day to day when members of the court are not present at the time and place selected for meeting.

In Labodie v. Dean, 47 Tex. 90, and Lipari v. State, 19 Tex. Ct. App. 431, the court had occasion to distinguish between terms and sessions of the commissioners' court. The terms of the commissioners' court are fixed by law; its sessions or sittings are matters for the discretion and determination of the Court. There may be a term without there being a session. Lipari v. State, supra.

These rules are called to your attention to emphasize that the sessions of the commissioners' court are matters left by law to the discretion of the Court and not its presiding officer, the county judge. In this respect his authority is only commensurate with other county commissioners.

Of course, the court must be organized according to law (Warsham v. Richards, 46 Tex. 441) and a quorum must be present to transact business.

As stated in Dalton v. Allen, 110 Tex. 68, 216 S. W. 439:

"The statutes merely require that the county judge preside when present, and authorize the transaction of the county's business, save when otherwise expressly provided, by three members of the court."

Therefore, in answer to your second question, you are advised that if a quorum (two county commissioners and the county judge or three commissioners in his absence) is present, the county judge may not recess meetings of the court from day to day because of the absence of other county commissioners. If a quorum is not present, no action at all can be taken -- the commissioners' court is not in session.

Honorable Fred Norris, page 4

Your final question concerns the authority of the county judge to compel attendance of commissioners at meetings of the court.

The rule is recurrent that the county judge, while the presiding officer, is only a member of the commissioners court. He has been given no authority on his own motion to compel attendance. Whether or not he may, as any other citizen, obtain a writ of mandamus to compel attendance, will depend upon facts of each particular case. As to these we cannot speculate. See Opinion No. O-2726.

Your attention is directed, however, to Article 397 of the Penal Code, making it a misdemeanor for any member of the commissioners' court to fail or refuse to attend any meeting of the court at which the business or question of levying a county tax for any purpose is to be acted on, and also to Article 425 of the Penal Code making it a misdemeanor in certain instances for any member of the commissioners' court to fail or refuse to vote upon the selection of a county depository. These articles read as follows:

"Art. 397. Should any member of the commissioners court of any county wilfully fail or refuse to attend any regular meeting or term of said court at which the business or question of levying a county tax for any purpose is to be acted on, he shall be fined not less than two hundred nor more than five hundred dollars."

"Art. 425. Any member of the commissioners court who shall fail or refuse to vote at any February term thereof next following each general election for a compliance with the requirements of the law providing for the selection of a bank or banker as the depository of the funds of such county shall be fined not less than one hundred nor more than five hundred dollars or be imprisoned in jail not less than one nor more than six months, or both. Such failure or refusal is ground for removal from office."

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED FEB 27, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

By *James D. Smullen*

James D. Smullen
Assistant

JDS:js

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN