Charles T. SANDERS, Appellant,

v.

INDEPENDENT SCHOOL DISTRICT NO. I-2, OF KIOWA COUNTY, OKLAHOMA, et al., Appellees.

No. 71-1512.

United States Court of Appeals, Tenth Circuit.

May 11, 1972.

Wayne B. Snow, Loyd Benefield, Ok- (John R. Couch, and Thomas G. Braddock, Altus, Okl., with him on the brief), for appellant.

Elliott C. Fenton, Oklahoma City, Okl., for appellees.

Wayne B. Snow, Loyd Benefield, Oklahoma City, Okl., and Johnny M. Perry, Hobart, Okl., on the brief, for appellees, except Bob Garton.

Elliott C. Fenton, Oklahoma City, Okl., on the brief, for appellee, Bob Garton.

Before LEWIS, Chief Judge and HOLLOWAY and McWILLIAMS, Circuit Judges.

PER CURIAM.

Alleging a civil rights action under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983, plaintiff, a school teacher, brought this action for damages against his employer school district and various school officials claiming damages for wrongful discharge from his employment. Plaintiff alleges that on April 3, 1970, he entered into a one-year teaching contract and was wrongfully discharged on September 28, 1970, because defendants "dislike the fact that the plaintiff grew a mustache; they requested that he re-

move it; he refused; and they fired him." The trial court dismissed the action for lack of jurisdiction.

■■ The judgment of dismissal is manifestly correct. Plaintiff's complaint asserts nothing more than a breach of contract claim, alleges no claim to diversity jurisdiction, negates specifically any claim to a constitutional right to wear a mustache, and recites no involvement of a substantial federal question. Adelt v. Richmond School District, 9 Cir., 439 F.2d 718. *And see* Freeman v. Flake, 10 Cir., 448 F.2d 258. The Civil Rights Act cannot be used as a jurisdictional subterfuge for traditional lawsuits. Oklahoma High School Athletic Ass'n v. Bray, 10 Cir., 321 F.2d 269.

Affirmed.