**Andrew DOE**

v.

**Mike SULLIVAN, Jr., Sheriff of El Paso County, Texas, the Guards and Jailers of Tank 4–I of the El Paso County Jail who were responsible for such tank from August 5, 1978 through August 6, 1978, T. Udell Moore, County Judge, Chuck Mattox, Richard Telles, Clyde Anderson and Rogelio Sanchez, County Commissioners.**

No. EP–78–CA–207.

United States District Court,
W. D. Texas,
El Paso Division.

May 4, 1979.

Doris Sipes, El Paso, Tex., for plaintiff.

Owen H. Ellington, El Paso, Tex., for defendants.

## MEMORANDUM OPINION

JOHN H. WOOD, Jr., District Judge.

Plaintiff brings this suit pursuant to Title 28, United States Code, Section 1343 and Title 42, United States Code, Sections 1983 and 1985 complaining of certain alleged injuries during the plaintiff's incarceration in the El Paso County Jail. Plaintiff names as defendants the Sheriff, Mike Sullivan, Jr., and certain unnamed jail guards, County Judge T. Udell Moore, and County Commissioners Chuck Mattox, Richard Telles, Clyde Anderson and Rogelio Sanchez. The defendants filed a Motion to Dismiss praying that the suit is essentially a claim against El Paso County and, as such, must be dismissed as the County cannot be considered as a "person" for purposes of a damage suit.

### I.

### SOVEREIGN IMMUNITY OF STATE

In the recent landmark opinion of *Quern v. Jordon* —— U.S. ——, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), the United States Supreme Court encountered a case arising out of the State of Illinois involving the application of the immunities extended by the Eleventh Amendment to the States and their subdivisions. The Court, following a thorough discussion of prior case law on the subject, stated that "[w]e simply are unwilling to believe . . . that Congress intended by the general language of Sec. 1983 to override the traditional sovereign immunity of the States," *Id.* at ——, 99 S.Ct. at 1145 and couched its holding in the following language:

> Section 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States. *Id.* at ——, 99 S.Ct. at 1147.

In discussing its prior rulings, the Court cited *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) which held that a suit in Federal Court by private parties seeking to impose a liability which must be paid from public funds in the State Treasury is barred by the Eleventh Amendment. *Id.* at 663, 94 S.Ct. 1347, and *Monell v. Department*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), which was "limited to local government units which are not considered part of the State for Eleventh Amendment purposes." *Id.* at 690, n. 54, 98 S.Ct. at 2035-2036. See *Bogard v. Cook*, 586 F.2d 399 (5th Cir., 1978). In *Bogard* the Fifth Circuit reiterated that *Monell* was "limited to local government units which are not considered a part of the state for eleventh amendment purposes." *Id.* at 410.

The *Monell* Court further stated that a local government (in that case a municipality) could not be held liable solely because it employs a tortfeasor or under the theory of respondeat superior. *Id.* 98 S.Ct. at 2038. Moreover, in *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976), it was held that the nonfeasance of a high mana-

gerial official is not a sufficient basis for assessing damages or granting injunctive relief against that official. The Court determined that there is a necessity of showing an actual involvement of the official in the action upon which the action under 42 U.S.C., Section 1983, is based. *Id.*

In the recent case of *Zargoza v. City of San Antonio*, 464 F.Supp. 1163 (D.C.1979), the plaintiff brought suit under 42 U.S.C., Sec. 1981, Sec. 1983 and Sec. 1985, alleging personal injuries from police brutality. The plaintiff sued all members of the San Antonio City Council, individually and in their official capacities, and Emil Peters, individually and in his official capacity as Chief of Police of the San Antonio Police Department. The United States Court for the Western District of Texas held that municipalities were not to be held liable "unless there was an action pursuant to an official municipal 'policy' that caused the constitutional tort." *Id.* In further holding that the theory of respondeat superior would be unavailable to the plaintiff and that it was not reasonable to assume that the plaintiff's alleged injuries resulted from an official policy of the City of San Antonio, the Court dismissed the individuals in their official and individual capacities. *Id.* Under the plaintiff's claims advanced herein, it is clear that the same result must obtain in the instant case. Initially, pursuant to the *Quern* decision, it is appropriate to examine the respective roles of the El Paso County Commissioners and the El Paso County Sheriff in order to determine whether or not they fall within the ambit of subdivisions of the State.

## A. DERIVATIVE IMMUNITY OF COUNTY

■ It is well settled that where the County Judge and Commissioners are sued in their official capacities, as here, the suit is in effect a suit against the County. *Cobb v. H. C. Burt & Co.*, 241 S.W. 185, 190 (Tex.Civ.App.-Beaumont 1922, no writ). The County is, of course, a legal subdivision of the State, Tex.Const. Art. XI, Sec. 1, and it is a political subdivision of the State.

*Childress County v. State*, 127 Tex. 343, 92 S.W.2d 1011 (Tex.1936), the Texas Supreme Court held as follows:

> The county is merely an arm of the state. It is a political subdivision thereof. In view of the relation of a county to the state, the state may use, and frequently does use, a county as its agent in the discharge of the State's functions and duties. *Id.* at 1015.

It has been held that counties are created by the sovereign will of the State, without special regard to the will of those who reside within them, *Orndorff v. State*, 108 S.W.2d 206, 209 (Tex.Civ.App.-El Paso 1937, writ ref'd); *Bexar County v. Linden*, 110 Tex. 339, 220 S.W. 761, 763 (1920), and that they exist for the purpose of discharging the State's duties toward its inhabitants. *Chambers v. Gilbert*, 17 Tex.Civ.App. 106, 42 S.W. 630, 632 (Tex.Civ.App.-1897, writ ref'd); *Bexar County v. Linden*, supra, 220 S.W. at p. 763.

The powers conferred by the State upon the County are in the nature of duties, *Orndorff v. State*, supra, at p. 109, and the counties are the agencies for the administration of matters that are of State concern, including the collection of taxes, the promotion of education, construction and maintenance of public highways, and the care of the poor, rather than matters of municipal concern or the concern of any particular locality. *Bexar County v. Linden*, 110 Tex. 339, 220 S.W. 761, 763 (1920). As an integral part of the State, a county is endowed with sovereignty. *Collingsworth County v. Myers*, 35 S.W. 414, 415 (Tex.Civ. App.-1896, no writ). Since the instant suit is thus in effect a suit against El Paso County, it must necessarily be dismissed under the theory of immunity.

## B. DERIVATIVE IMMUNITY OF COUNTY COMMISSIONERS

■ An examination should also be made of the duties and responsibilities of the Commissioners of a County. The County Commissioners Court exercises such powers and jurisdiction over county business as is conferred by the Constitution and laws of

the State, *Travis County v. Matthews*, 235 S.W.2d 691, 697 (Tex.Civ.App.-Austin 1950, writ ref'd n. r. e.), and the Texas Supreme Court has held that the powers and duties of the County Commissioners Court only extends to the business of the county entrusted to it by constitution or statute. *Canales v. Laughlin*, 147 Tex. 169, 214 S.W.2d 451, 453 (1948). Since the legislature has codified the powers and duties of the Commissioners Court in Vernon's Annotated Texas Statute 2351, this Statute provides the touchstone upon which to determine whether the purported acts alleged herein fall within the scope of the duties or responsibilities of the Commissioners Court. In order to invoke the application of 42 U.S.C., Sec. 1983, the defendant must be acting "under color of any law, statute, ordinance, regulation, custom or usage of any state". While plaintiff has alleged only generally such actions causing plaintiff's injuries to be in defendants' official capacities, the court assumes the plaintiff to be referring to Subsection 7 of the Texas Statute which states as a duty of the Commissioners to:

> "provide and keep in repair court houses, jails and all necessary public buildings."

However, this Court refuses to consider the proposition as reasonable that the defendant County Commissioners propagated a policy or custom which intentionally and knowingly resulted in the complained of injuries to the plaintiff. In fact, such is not the contention of the plaintiff, but instead said Complaint is couched in terms of ordinary negligence. Such an allegation is not sufficient to overcome the immunity granted to the County Commissioners.

## C. IMMUNITY OF COUNTY JUDGE

■ Since Judge Moore was County Judge at all times relevant herein and it has been held that the members of the Commissioners Court may claim the immunities incident to a Court of general jurisdiction, *Gaines v. Newbrough*, 12 Tex.Civ.App. 466, 34 S.W. 1048, 1049–1050 (Tex.Civ.App.-1896, writ ref'd), the subject litigation is barred under the theory of judicial immunity.

There is no question but that through the invocation of sovereign immunity, judicial immunity, statutory and case law limitations and the nature of the claims of the plaintiff herein, that the plaintiff has failed to state a claim or a cause of action against this defendant.

## D. DERIVATIVE IMMUNITY OF THE COUNTY SHERIFF

■ The Sheriff is an elected officer chosen at general election by the qualified voters of the County and, as such, is a subdivision of the County. Tex.Const. Art. V, subsecs. 18 and 23. The Texas Supreme Court has concluded that "[t]hough called county officers, [sheriffs] are in fact officers of the state." *Clarke v. Finley*, 93 Tex. 171, 54 S.W. 343, 347 (1899). As an officer of the State, the Sheriff enjoys the same immunity as does the County Commissioners. His responsibility under Texas law for the County Jail is in a supervisory role. It is not reasonable to assume he purposefully used his office in a knowing and intentional manner in order to injure the plaintiff. Again, the plaintiff's action against the Sheriff is in the form of respondeat superior and such a cause of action is not available to the plaintiff in a Section 1983 cause of action.

## II.

## NATURE OF CASE

■ The plaintiff's cause of action herein is nothing more than a simple negligence case couched in Sec. 1983 terms in an attempt to invoke Federal Court jurisdiction and thus the use of Sec. 1983 herein constitutes a jurisdictional subterfuge for an attempted claim in negligence. *Sanders v. Independent School District*, 459 F.2d 51, 52 (10th Cir. 1972). In Paragraph IX of the plaintiff's Original Complaint he states the true nature of his attempted claim when he characterizes the acts of the defendants as being negligent by stating "Defendants . . . were negligent in that they failed to exercise reasonable care . . ." It is well settled that not every tort or wrong constitutes a constitution of a civil right, *Atkins v. Lanning*, 556 F.2d 485, 489 (10th

Cir. 1977); *Wells v. Ward*, 470 F.2d 1185, 1187 (10th Cir. 1972); *Carter v. Chief of Police*, 437 F.2d 413, 415 (3rd Cir. 1971), and the Civil Rights Act cannot be used as a jurisdictional subterfuge for traditional lawsuits. *Lopez v. Luginbill*, 483 F.2d 486, 489 (10th Cir. 1973). The Court in *Phillips v. Fisher*, 445 F.Supp. 552, 557 (D.Kan. 1977), stated that a plaintiff's attempt to transform a State Court litigation into a Federal civil rights action via conclusory allegations will fail. *Id.* at 557. The plaintiff has merely attempted to invoke Federal Court jurisdiction under 42 U.S.C., Sec. 1983, on a mere negligence claim when his pleadings and the entire record reflect that it does not rise to a constitutional dimension.

For the reasons stated above the plaintiff's cause of action as to Sheriff Mike Sullivan, Jr., County Judge T. Udell Moore, County Commissioners Chuck Mattox, Richard Telles, Clyde Anderson and Rogelio Sanchez, and as to the El Paso County Jail Guards, respectively, is hereby DISMISSED with prejudice.