**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALLEN REED DAVISON, II,

    Plaintiff - Appellant,

v.

GRANT THORNTON LLP; BRYAN
CAVE LLP; SCOTT CURTIN, partner at
Grant Thornton, LLP; DEAN
JORGENSON, partner at Grant Thornton,
LLP; MARK STUTMAN, partner at
Grant Thornton, LLP; STEPHEN
CHIPMAN, partner at Grant Thornton,
LLP; JOHN BARRIE, partner at Bryan
Cave, LLP,

    Defendants - Appellees.

No. 14-3084
(D.C. No. 2:13-CV-02309-JAR-JPO)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

[*] After examining the briefs and the appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App.
P. 32.1 and 10th Cir. R. 32.1.

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

_____

Plaintiff Allen Davison II sued Defendants Grant Thornton LLP, Bryan Cave LLP, and partners of both firms, alleging that they had misrepresented to the federal government his role in promoting tax shelters while he was a partner at Grant Thornton. Defendants moved to dismiss the complaint for lack of subject-matter jurisdiction. The district court agreed because there was not complete diversity and the complaint's passing reference to the Racketeer Influenced and Corrupt Organizations Act of 1970 (RICO), 18 U.S.C. §§ 1961–1968, was not enough for federal-question jurisdiction because the complaint did not allege any elements of a RICO claim. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm, although our analysis differs somewhat from that of the district court.

## I.     BACKGROUND

Plaintiff was a CPA and licensed attorney working for Grant Thornton, an accounting firm. Grant Thornton was investigated by the Internal Revenue Service (IRS) and the Senate Finance Committee for promoting corporate tax shelters. Represented by Bryan Cave, a law firm, Grant Thornton and several of its partners disavowed knowledge of the tax shelters and blamed Plaintiff and another Grant Thornton tax partner for the misconduct. The investigations resulted in a number of civil actions against Plaintiff and Grant Thornton by Grant Thornton's clients. The federal government ultimately obtained a civil injunction preventing Plaintiff from providing federal tax advice.

Plaintiff sued Grant Thornton, several of its partners, Bryan Cave, and one of its partners in the United States District Court for the District of Kansas. The complaint alleged that they had "grossly misrepresented (at best) the role of [Plaintiff] relative to the role of [Grant Thornton] in researching, developing, advising, and promoting the tax advice challenged by the federal government. These actions by the Defendant violated numerous fiduciary and contractual duties and violated multiple statutes." R. at 8–9. It also alleged that jurisdiction was proper "[b]ecause of the diversity of domicile of the defendants." *Id.* at 10. It did not allege federal-question jurisdiction and the only federal statute identified in the complaint was RICO, which appears only in the complaint's table setting forth "Relief and Damages Sought by the Plaintiff." *Id.* at 9. The columns are labeled "Damage Claim Description," "Amount," and "Explanation." *Id.* Row G has "Treble Factor" in the first column; 17,238,00 in the second column; and "Racketeer Influenced and Corrupt Organization Act (RICO)" in the third. *Id.* Additionally, on the complaint's cover sheet, Plaintiff indicated that he was bringing the action under RICO.

Defendants moved to dismiss the complaint for lack of subject-matter jurisdiction. They argued (1) that there was not complete diversity under 28 U.S.C. § 1332 because Plaintiff resided in Kansas and so did partners of both Grant Thornton and Bryan Cave, and (2) that there was not federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff had not adequately pleaded the elements of a RICO claim. Plaintiff responded that there was diversity jurisdiction and that there was federal-question jurisdiction because Defendants violated "RICO, the Internal Revenue Code, federal securities law,

3

federal banking laws, interstate commerce and the United States Constitution." *Id.* at 43.
He did not elaborate on that bald assertion.

The district court agreed with Defendants and dismissed the case. With respect to federal-question jurisdiction, the court held that because Plaintiff had not adequately pleaded a RICO claim under Fed. R. Civ. P. 12(b)(6), it lacked federal-question jurisdiction. Plaintiff appeals, challenging only the court's ruling on federal-question jurisdiction.

## II.    DISCUSSION

We review de novo the district court's dismissal for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1). *See Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008). A pro se litigant's pleadings are construed liberally but we do not act as the litigant's advocate. *See Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009). "For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg v. City of Santa Fe,* 696 F.3d 1018, 1023 (10th Cir. 2012) (internal quotation marks omitted).

The district court held that it lacked jurisdiction because the complaint failed to state a claim under Rule 12(b)(6). "A determination that a claim lacks merit, however, does not necessarily mean it is so lacking as [to defeat federal-question jurisdiction]." *Harline v. Drug Enforcement Admin.*, 148 F.3d 1199, 1203 (10th Cir. 1998); *see Bell v.*

4

*Hood*, 327 U.S. 678, 682 (1946) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." ). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (internal quotation marks omitted). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (internal quotation marks omitted).

When applying this standard, we have explained that "[t]he complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986). For example, we dismissed for lack of jurisdiction when a complaint referenced 42 U.S.C. § 1983 but wholly failed to include allegations supporting a constitutional claim. *See Sanders v. Indep. Sch. Dist. No. I-2*, 459 F.2d 51, 52 (10th Cir. 1972); *see also Harline*, 148 F.3d at 1202–06 (due-process claim was not colorable).

To state a private RICO claim, "a plaintiff must allege four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002) (internal quotation marks omitted). Racketeering

5

activity is "any act in violation of specified state and federal crimes, including wire fraud, bank fraud, and fraud in the sale of securities." *Resolution Trust Corp. v. Stone*, 998 F.2d 1534, 1543 (10th Cir. 1993). The specified crimes are found at 18 U.S.C. § 1961(1).

> A pattern requires at least two predicate acts. In addition, to satisfy RICO's pattern requirement, a plaintiff must allege not only that the defendants had committed two or more predicate acts, but also that the predicates themselves amount to, or that they otherwise constitute a threat of, continuing racketeering activity.

*Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010) (brackets, citations, emphasis, and internal quotation marks omitted).

Plaintiff's complaint totally fails to set forth a RICO claim. In particular, it makes no attempt to identify predicate offenses under § 1961(1), and we can discern none. Perhaps Defendants' alleged false statements to the government could conceivably have violated 18 U.S.C. § 1001, but that statute is not listed in § 1961(1) as racketeering activity. Nor do Plaintiff's allegations come close to stating the offense of obstruction of justice. *See* 18 U.S.C. § 1503.

Plaintiff's brief on appeal argues that the district court should not have limited its analysis to RICO and lists various statutes and constitutional provisions that purportedly apply to his claims. But a mere list of statutes without further explanation is hardly adequate to preserve an issue on appeal, *see Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007), and we see no need to consider them when they were not identified in the complaint.

Finally, Plaintiff argues that he should have been given "a limited evidentiary hearing to clarify [his] jurisdiction[al] position." Aplt. Br. at 4. But Plaintiff did not request an evidentiary hearing from the district court, and evidence is irrelevant in determining the adequacy of a pleading.

## III.    CONCLUSION

We AFFIRM the district court's dismissal for lack of jurisdiction.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge