**BROOKS v. PENNSYLVANIA R. CO.**

Civ. 58–75.

United States District Court
S. D. New York.

June 1, 1950.

Rev. John R. Brooks, pro se.

Bleakley, Platt, Gilchrist & Walker, New York City, for defendant.

IRVING R. KAUFMAN, District Judge.

In his complaint the plaintiff attempts to assert a grievance against The Pennsylvania Railroad arising out of the loss of plaintiff's books, household goods and personal effects which he contends were shipped by The Pennsylvania Railroad from New York and consigned to him at Mexico City.

The plaintiff appears in person and has refused to be represented by counsel despite the fact that he has been advised by

the Court of Appeals for the Fifth Circuit and by this Court that it would be the better part of wisdom to do so.

The complaint gives a historical recitation of two previous actions brought in the United States District Court for the Southern District of Texas, Laredo Division.[1] In the first of such actions, No. 457, the plaintiff sued The Texas and Mexican Railroad Company and The Corrigan Dispatch Company, asserting that these goods which had been shipped from New York on October 4, 1945 to the plaintiff had not been received by him due to the alleged fault of those defendants. Plaintiff says in the historical recitation in his complaint that he went directly to Mexico City and when he found the cost of living was too high he left for Guadalajara. While in Guadalajara, he went to the American Consul who gave him the name and address of a customs broker in Laredo, Texas, to wit, The Corrigan Dispatch Company. The purpose of this was that when the shipment arrived at the border in Laredo, Texas, on the way to Mexico City, as the plaintiff claims, that the Dispatch Company would clear the goods at the customs and then redirect them to the plaintiff at Guadalajara, Mexico; that the plaintiff wrote the Corrigan Company and enclosed the bill of lading which had been issued by The Pennsylvania Railroad Company; that the bill of lading did not require that the goods be delivered; that the plaintiff enclosed the bill of lading merely for the convenience of the broker in clearing the goods at the customs and after the shipment was cleared plaintiff expected the broker to return the bill of lading to him; that the broker did not answer plaintiff's letter or return the bill of lading and did not clear the shipment for him; the broker took the shipment from the carrier and made a new shipment of the same goods from New Laredo, Mexico, to Guadalajara, Mexico, by a truck line carrier, with no authority to do so; that the truck line carrier went out of business and the goods never arrived.

It appears that this first action was disposed of by a consent to discontinue given by the plaintiff as against The Texas and Mexican Railroad. With respect to The Corrigan Dispatch Company, it would appear from the ambiguous language used by the plaintiff that the Court had determined that the wrong defendant was being sued and that Edward H. Corrigan, who had merely been using the trade name of Corrigan Dispatch Company, was the proper party; that the Court dismissed as against Corrigan Dispatch Company; that the plaintiff appealed from that dismissal and that the appeal was dismissed, without prejudice.

In the second action brought in Laredo, No. 501, the defendants were The Pennsylvania Railroad Company, The Texas and Mexican Railroad Company, and Edward H. Corrigan, doing business as The Corrigan Dispatch Company.[1] It appears that the second action was dismissed as against The Pennsylvania Railroad Company for lack of jurisdiction over the defendant; that the complaint was dismissed as against The Texas and Mexican Railroad Company because of the adjudication which had previously been made in action No. 457; that the action as against Corrigan was apparently dismissed because, as plaintiff claims he "was sick under a doctor's certificate, and failed to come into court during the whole term." Plaintiff states further that he took an appeal from the judgment dismissing his complaint as against the two railroad companies and that the judgment of the lower court was affirmed by the Court of Appeals. 5 Cir., 178 F.2d 602. Plaintiff further says "The defendant Corrigan in Civil Action No. 501 was relinquished by the plaintiff from the said Civil Action on April 11, 1950, because of the awkward shape by which he was left alone in the said Civil Action."

Plaintiff apparently is of the opinion that he still has a claim against The Pennsylvania Railroad and attempts to assert this claim in this District by stating that The Pennsylvania Railroad "in regard to an

---

1. No opinion for publication.

open straight bill-of-lading of books and household goods, personal effects of the plaintiff which he shipped by freight over the Pennsylvania Railroad on October 4, 1945, consigned to himself at Mexico City, when he was making a trip there as a tourist has involved itself, the said Railroad, in violation of the export bill-of-lading contract of the said shipment as evidenced by the following correspondence * * *". Correspondence between the plaintiff and The Pennsylvania Railroad Company is then set forth in the complaint, and the plaintiff then concludes with this prayer for relief: "It is up to The Pennsylvania Railroad Company to prove that it, this railroad, delivered the shipment to the right party." No bill of lading is attached to the complaint but upon the argument the bill of lading in issue was exhibited to the Court.

The defendant has now moved to dismiss the action "on the ground that plaintiff fails to state a cause of action upon which relief can be granted." This motion is addressed merely to the face of the complaint. Under the new Rules of Civil Procedure, there is no pleading requirement that there be facts sufficient to constitute a cause of action but only that there be "a short and plain statement of the claim showing that the pleader is entitled to relief" (Rule 8(a), Federal Rules of Civil Procedure, 28 U.S.C.A.). The motion for dismissal under Rule 12(b) is for failure to state "a claim upon which relief can be granted." It is readily apparent that all the plaintiff must do is "state a claim upon which relief can be granted."

It becomes evident immediately upon reading the complaint that the draftsman, the plaintiff himself, was most inartistic in asserting his claim; however, the conclusion is inescapable that he asserts a claim against The Pennsylvania Railroad, baseless as it may ultimately appear to be, upon the shipment which he claims he made through The Pennsylvania Railroad Company on October 4, 1945, which he insists was consigned to him at Mexico City and which he never received.

It may ultimately be that The Pennsylvania Railroad Company will establish that the bill of lading was a uniform straight bill of lading and that the destination of the merchandise shipped was Laredo, Texas, and not Mexico City; that upon presentation of the bill of lading by the plaintiff's broker or agent, The Corrigan Dispatch Company, The Pennsylvania Railroad Company was absolved of any liability when it delivered these goods to Corrigan. However, upon this application, addressed to the pleadings alone, and without benefit of affidavits, the plaintiff cannot properly be deprived of his opportunity for a determination on the merits. It is very likely that the plaintiff may not fare as well if the defendant will seek the course of summary judgment or pre-trial hearing, but upon this first preliminary application, he may still remain in Court. It is plaintiff's privilege to resist all suggestions of help from a lawyer but this Court can do no more than once again caution the plaintiff as to the dire consequences which may result should the defendant move for summary judgment or make some other presentation on the merits.

Similar circumstances were presented to the Court of Appeals for this Circuit in Dioguardi v. Durning, 2 Cir., 1944, 139 F. 2d 774. A most inartistic home-drawn complaint by plaintiff withstood an attack based on sufficiency and addressed to the face of the complaint, because within the four corners of the document some claim against the defendant could be spelled out.

The complaint is hard to understand but this with nothing more should not bring about a dismissal of the complaint. Particularly is this so in view of Rule 8(f) of the Rules of Civil Procedure which requires that all pleadings shall be so construed as to do substantial justice. Burt v. City of New York, 2 Cir., 1946, 156 F.2d 791.

The motion to dismiss the action "on the ground that the complaint fails to state a cause of action upon which relief can be granted" is accordingly denied.