**BROOKS v. PENNSYLVANIA R. CO.**

No. 199, Docket 21917.

United States Court of Appeals Second Circuit.

Argued March 13, 1951.

Decided March 28, 1951.

See, also, 91 F.Supp. 101.

Reverend John R. Brooks, pro se.

Bleakley, Platt, Gilchrist & Walker, New York City, Dennis P. Donovan and Robert L. Conkling, New York City, of counsel, for appellee.

Before SWAN, CHASE and FRANK, Circuit Judges.

PER CURIAM.

Plaintiff appeals from a summary judgment which dismissed his complaint in an action against the Pennsylvania Railroad Company for alleged misdelivery of household goods transported under a straight bill of lading in which plaintiff was named as both consignor and consignee. Defendant moved for summary judgment on the grounds that (1) the uncontradicted evidence showed that proper delivery had been made; and that (2) the action was barred by *res judicata*. The lower court held that

there was no genuine dispute of fact and granted defendant's motion on the first ground. The documentary evidence offered in support of defendant's motion showed that plaintiff delivered eleven cartons, one case and one package of books and household goods to defendant for transportation from New York City to Laredo, Texas, on a straight bill of lading; that plaintiff sent the bill of lading to his agent, a broker at Laredo, and gave him written authority to forward the shipment to plaintiff at Guadalajara, Mexico; and that the last connecting carrier delivered the goods to the agent at Laredo pursuant to plaintiff's instructions. The shipment was lost while on the carrier which plaintiff's agent selected to transport the goods from Laredo to Guadalajara.

Plaintiff contends that a dispute of fact exists and that for this reason summary judgment was improperly granted. The basis for this contention is the bare allegation in his affidavit, submitted in opposition to defendant's motion, that his contract with defendant called for shipment of the goods to Mexico City, Mexico, instead of to Laredo, Texas. This allegation, unsupported by evidence of any kind, is contradicted by (1) the bill of lading, which on its face designates Laredo as the destination of the goods; (2) uncontradicted affidavit evidence that the shipping charges paid defendant by plaintiff covered transportation only as far as Laredo; and (3) plaintiff's letter of authorization to his agent, in which he states that he is enclosing a bill of lading "for some goods which I shipped to Laredo, Texas." We agree with the district judge that plaintiff's general allegation does not pose a genuine issue of material fact; it is insufficient to prevent an award of summary judgment.[1] Defendant's duty to plaintiff was discharged when the goods were delivered to plaintiff's agent at Laredo.

Even if it were assumed that plaintiff's contract with defendant called for delivery in Mexico City, defendant would still be entitled to judgment as a matter of law. The proof showed that plaintiff authorized his agent to take delivery of the goods at Laredo, that the agent did so, and that plaintiff ratified his action when he accepted and paid an order draft drawn on him by the agent to defer the expense of shipping the goods from Laredo to Guadalajara. On these facts the connecting carrier was justified in delivering the goods at an intermediate point later designated by plaintiff.[2]

Affirmed.

---

1. Engl v. Aetna Life Ins. Co., 2 Cir., 139 F.2d 469, 472; 3 Moore's Federal Practice § 56.04.

2. Stone v. Waitt, 31 Me. 409; Parsons v. Hardy, 14 Wend., N.Y., 215; London & N. W. R. Co. v. Bartlett, 7 H. & N. 400, 158 Eng.Rep. 529; Hutchinson on Carriers, 3d ed., §§ 660, 661.