John R. BROOKS, Plaintiff,

v.

The UNITED STATES of America,
Defendant.

United States District Court
S. D. New York.

June 20, 1957.

John R. Brooks, in pro. per.

Paul W. Williams, U. S. Atty., Edwin J. Wesely, Asst. U. S. Atty., New York City, for defendant.

CASHIN, District Judge.

This is a motion by the Government—

(1) for judgment under either Rule 12(b) or Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. on the grounds of

(a) Lack of jurisdiction over the subject matter; or

(b) Failure to state a claim upon which relief can be granted; or in the alternative

(2) For an order for a more definite statement of the claim under Rule 12(e) of the Federal Rules of Civil Procedure.

There is apparently a rather long history of litigation between plaintiff, always appearing pro se, and the Pennsylvania Railroad, wherein plaintiff sought recovery for goods shipped on the defendant railroad, and lost en route.[1] Plaintiff was uniformly unsuccessful.

According to the present complaint, plaintiff wrote letters to incumbent United States Attorneys for the Southern District of New York on January 27, 1955 and April 3, 1956, charging the Pennsylvania Railroad and an attorney in the firm representing the railroad in a civil suit brought in this District with "perjury, documentary falsification, blackmail and swindling". The basis of plaintiff's charge is that the attorney, in a covering letter returning briefs served by plaintiff purportedly in reference to a pending appeal before the Supreme Court, denied that there was such an appeal pending and referred to his belief that plaintiff's amended complaint in that action had been dismissed. Because no action was taken by the United

---

1. The reported Opinions are, D.C.S.D.N.Y. 1950, 91 F.Supp. 101, affirmed, 2 Cir., 1951, 187 F.2d 869 and, 5 Cir., 1949, 178 F.2d 602.

States Attorney for the Southern District of New York to prosecute the attorney or the railroad, plaintiff now states that "* * * the United States of America has fallen down on its constitutional government, and has been guilty of Totalitarian practices, and has thereby inflicted upon the plaintiff damage and injury in the sum of One Million ($1,000,000) dollars".

■■ I am not unaware of the teaching of Dioguardi v. Durning [2] to the effect that a complaint inartistically drawn by a layman must be closely scrutinized to determine if some claim can be found therein. However, the closest scrutiny of the present complaint fails to reveal any such claim.

■ It is axiomatic that no claim against the United States is cognizable unless the Congress has authorized it.[3] The only statute which can be thought to resemble even remotely such an authorization is the Federal Tort Claims Act.[4] The relief granted by this Statute is not available to plaintiff, however, on two grounds. First, because the statute imposes on the United States only a vicarious liability,[5] and, second, because the statute specifically excepts from its operation any acts taken in the exercise of discretion even if the discretion be abused.[6]

■ Were the particular United States attorneys concerning whose nonfeasance the plaintiff complains, sued individually, it would be a complete defense to them that their non-feasance resulted from decisions made in the exercise of their official duties,[7] and this would be true even if a malicious intent were ascribed to the United States attorneys.[8] Since no liability can attach to the Government agents for the acts complained of, none can attach to the United States under the doctrine of *respondeat superior*.

■ Even if personal liability could be attached to the United States attorney individually, nevertheless plaintiff would be barred in the present suit because of the express exception contained in 28 U.S.C.A. § 2680(a) concerning discretionary acts. While rather abstruse questions might arise as to what precise decision of a Government agent should be considered discretionary,[9] there can be no doubt that a decision to prosecute or not to prosecute criminally is a discretionary function.[10]

The motion to dismiss the complaint for failure to state a claim upon which relief can be granted, is granted. Settle order.

2. 2 Cir., 1944, 139 F.2d 774.

3. Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152; United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888.

4. 28 U.S.C.A. § 1346(b) and § 2671 et seq.

5. 28 U.S.C.A. § 1346(b); United States v. Campbell, 5 Cir., 1949, 172 F.2d 500.

6. 28 U.S.C.A. § 2680(a).

7. Gregoire v. Biddle, 2 Cir., 1949, 177 F. 2d 579, certiorari denied 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363; Cooper v. O'Connor, 1938, 69 App.D.C. 100, 99 F. 2d 135, 118 A.L.R. 1440, certiorari denied 305 U.S. 643, 59 S.Ct. 146, 83 L.Ed. 414.

8. Yaselli v. Goff, 2 Cir., 1926, 12 F.2d 396, 56 A.L.R. 239, affirming D.C.S.D.N.Y. 1925, 8 F.2d 161.

9. See Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427.

10. See Cooper v. O'Connor, supra.