**Thurmond GREEN, on behalf of himself and on behalf of others similarly situated, Plaintiff,**

**v.**

**The CITY OF GLEN COVE, a municipal body, et al., Defendants.**

**No. 71–C–887.**

United States District Court,
E. D. New York.

Oct. 20, 1971.

John Kle, New York City, N.A.A.C.P., by William D. Wells, New York City, James I. Meyerson, New York City, of counsel for plaintiff.

Henry Spitz, Gen. Counsel, N. Y. State Div. of Human Rights, New York City, by Howard Hertzberg, New York City, of counsel, for defendants State

Div. of Human Rights and Jack M. Sable, Comm.

JUDD, District Judge.

## MEMORANDUM AND ORDER

In a civil rights action to enjoin discrimination against black persons seeking membership in the City of Glen Cove Volunteer Fire Department (the Fire Department), defendants, the New York State Division of Human Rights (the Division), and Jack M. Sable, Commissioner of the Division, have moved to dismiss the complaint as against them for failure to state a claim upon which relief can be granted, and for other reasons.

Motions by the City of Glen Cove, the Fire Department, and the officers of the City and the Fire Department, have heretofore been denied.

The allegations of the complaint with respect to the Division (formerly the New York State Commission on Human Rights) are (1) that it has authority to investigate and to initiate complaints of racial discrimination in volunteer fire departments in New York State; (2) that it investigated a complaint against the Fire Department filed May 31, 1967 by the present plaintiff, found after a hearing that discriminatory practices existed which excluded Negroes from the Fire Department, and ordered the Fire Department to cease such practices and take affirmative steps to correct them; (3) that the Division was given authority over discrimination in volunteer fire departments by legislation effective September 1, 1967, but failed to initiate proceedings *sua sponte* to suppress violations of the civil rights of Negro applicants to the Fire Department; and (4) that plaintiff's attorney sent a written complaint to Commissioner Sable of the Division on April 21, 1971, but the Commissioner refused to hold a conciliation conference, thereby becoming "a participant in the racially discriminatory practices of the Glen Cove Volunteer Fire Department."

The complaint asks that the refusal to investigate plaintiff's complaint be declared unconstitutional and illegal and that the Division and the Commissioner be directed to initiate proceedings to redress racial discrimination.

The Division and the Commissioner assert in support of their motion that (1) the order to end discrimination in the Fire Department was annulled by the Appellate Division of the New York Supreme Court, Second Department, on November 16, 1969, because the complaint had been filed before the effective date of the statute granting the Division jurisdiction with respect to volunteer fire departments; (2) that plaintiff's attorney was informed in writing on May 7, 1971, that the Division was engaged in a survey of the hiring practices of the 1,800 volunteer fire departments in New York State in an effort to promote the integration of minority groups and that the Division's follow-up would insist on "speedy and equitable compliance"; and (3) that plaintiff might make a new application for membership in the Fire Department and file a new complaint with the Division in the event of his rejection on account of race. A letter of defendant Martone, the titular head of the Fire Department, which is part of the motion papers, sets forth that plaintiff's application is on file and that he is fifth on a waiting list of ten for one of the four companies in the Fire Department.

On the oral argument, the Division asserted that state law requires a verified complaint, that action on a mere letter from an attorney might not be valid, and that plaintiff has refused to file a new verified complaint.

Being supported by matters outside the complaint, defendants' motion will be treated as one for summary judgment. F.R.Civ.P. 12(b).

### The Applicable Law

The court does not consider it appropriate either to abstain from decision pending state action, or to require exhaustion of state remedies.

■ This is not a case where plaintiff challenges the authority of an administrative agency to issue an order. Allegheny Airlines, Inc. v. Fowler, 261 F.Supp. 508 (S.D.N.Y.1966). Rather, plaintiff seeks to compel the Division to exercise its powers to act against the Fire Department, without a new complaint in the form required by the Division.

■ Exhaustion of state remedies is not necessary in a civil rights action. McNeese v. Board of Education, 373 U. S. 668, 671, 83 S.Ct. 1433, 1435, 10 L. Ed.2d 622 (1963).

Plaintiff asserts that its complaint is supported by the rule that inaction may constitute state action. Catlette v. United States, 132 F.2d 902 (4th Cir. 1943). However, *Catlette* is distinguishable, because it involved a deputy sheriff who removed his badge and stood idly by while a mob assaulted a group of Jehovah's Witnesses. Here the complaint is merely that the Division did not give the priority which plaintiff desires to the particular administrative proceeding which he wanted the Division to institute.

■ Even though it may be picayune for the Division to insist on a new verified complaint, instead of a letter signed by an attorney, the fact that the Division insisted on a new complaint does not show that it was unconstitutionally derelict in its duty. The Division has in fact proceeded against other volunteer fire departments where it has deemed speedy action necessary. *E. g.,* Hempstead Volunteer Fire Dept. v. New York State Division of Human Rights, 35 A.D.2d 601, 313 N.Y.S.2d 814 (2d Dept.1970).

■■ Generally, the question whether to bring a particular prosecution is one which involves a discretionary decision. Brooks v. United States, 152 F. Supp. 535 (S.D.N.Y.1957) (excluding jurisdiction under the Federal Tort Claims Act to challenge failure to prosecute); *cf.* Miller, Prosecution: The Decision to Charge a Suspect with a Crime (1970), pp. 154 et seq. The plaintiff's papers do not show that the Division's failure to act against the Glen Cove Volunteer Fire Department has been based on any invidious discrimination by the Division. Given the magnitude of the task of enforcing equal rights throughout the State of New York, the Division should be permitted reasonable latitude in determining where to devote its energies. As Circuit Judge Smith stated recently in another connection,

\* \* \* the State must attempt to allocate these resources in the most reasonable and fair way within its ability.

Smith v. Follette, 445 F.2d 955, 959 (2d Cir. 1971).

■ The Fire Department's racially discriminatory policies may not have been completely eliminated by its accepting plaintiff's application and placing his name on a waiting list, but the Division may properly consider the Fire Department's partial compliance in evaluating priorities of enforcement policy.

■ The complaint, as supplemented by the papers submitted by the parties, does not show that the State Division of Human Rights or its Commissioner have violated any of plaintiff's civil rights.

It is ordered that the complaint be dismissed as against the New York State Division of Human Rights and Jack M. Sable, individually and as Commissioner of the State Division of Human Rights, and that the Clerk enter a judgment of dismissal without costs.